IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY SMITH, | : |
| | : |
| Petitioner, | : |
| | : |
| v. | : Civil Action No. 22-544-GBW |
| | : |
| ROBERT MAY, Warden, and | : |
| ATTORNEY GENERAL OF THE | : |
| STATE OF DELAWARE, | : |
| | : |
| Respondents. | : |

**MEMORANDUM**

**I.   INTRODUCTION**

In April 2022, Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (D.I. 1) In the Petition, Petitioner asserted that he has appeared before the Board of Parole "on several occasions" since 2013, and his parole applications have been denied with stipulations that he must complete specific programs, with the most recent being a "sex offender program" in 2018 lasting two years. (D.I. 1 at 7) Petitioner contended that the Board violated his rights to due process and equal protection by arbitrarily denying his applications, because the denials were based on "issues which will never change." (D.I. 1 at 5-8)

In a Memorandum Opinion and Order dated October 11, 2022, the Court reviewed the history of the Delaware state court decisions regarding the denial of Petitioner's parole applications in conjunction with his prior habeas requests in this Court concerning the denial of his parole applications, and determined that the § 2254 Petition filed in April 2022 was both an unauthorized second or successive habeas petition and time-barred. (D.I. 3) The Court gave Petitioner until November 1, 2022 to file a response showing cause why the Petition should not be dismissed "for lack of jurisdiction as an unauthorized second/successive § 2254 petition and for being time-barred." (D.I. 3 at 14; D.I. 4) On October 28, 2022, Petitioner filed a motion for an extension of time to file a response. (D.I. 6) The Court granted the motion, and extended the deadline to respond until December 30, 2022. (D.I. 7) Petitioner did not file any response to the show cause order. Therefore, on February 21, 2023, the Court issued an Order dismissing the Petition for being an unauthorized second or successive habeas petition and for being time-barred. (D.I. 7) The Order of Dismissal neither granted nor denied a certificate of appealability. (*Id.*)

On February 28, 2023, Petitioner filed a document titled "Reply to Order Show Cause," (D.I. 8), and included a handwritten letter requesting the Court to reconsider its Order of Dismissal. (D.I. 8-1) In the letter, Petitioner explained that

2

he had responded to the Court's Order via the "conventional mail route" rather than via "email."[1] (D.I. 8-1)

On March 22, 2023, Petitioner filed a notice of appeal to the Third Circuit. (D.I. 11) On March 31, 2023, the Court of Appeals for the Third Circuit issued an Order remanding the case for a decision regarding the issuance of a certificate of appealability (D.I. 12), as well as an Order staying Petitioner's appeal pending disposition of Petitioner's Motion for Reconsideration (D.I. 13)

## II.     STANDARD OF REVIEW

When a motion for reconsideration is filed within 28 days of the entry of judgment, it must be considered under Rule 59(e), not Rule 60(b). *See* Fed. R. Civ. P. 59(e) advisory committee's note (2009 amend.) (expanding the former 10 day time period for filing a motion to alter or amend a judgment to 28 days); *Rankin v. Hunter*, 761 F.2d 936, 942 (3d Cir. 1985) (holding that "[r]egardless how it is styled, a motion filed within ten days of entry of judgment questioning the correctness of a judgment may be treated as a motion to alter or amend the judgment under Rule 59(e)"). A motion for reconsideration/amend judgment filed pursuant Federal Rule of Civil Procedure 59(e) is "a device to relitigate the original

---

[1] As an aside, the Court notes that it still has not received any such reply via conventional mail.

3

issue decided by the district court, and [it is] used to allege legal error." *United States v. Fiorelli*, 337 F.3d 282, 288 (3d Cir. 2003). In order to prevail on a Rule 59(e) motion, the moving party must show one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

## III. DISCUSSION

The Court views Petitioner's filing on February 28, 2023 to be a Rule 59(e) Motion for Reconsideration, because it was filed within twenty-eight days of the Court's Order of Dismissal. In his Rule 59(e) Motion, Petitioner contends that the Board of Parole violated his rights to due process by arbitrarily and impermissibly denying his parole applications. (D.I. 8 at 1) According to Petitioner, the Board of Parole came up with a new requirement at each re-hearing. He asserts that the "facts which occurred decades ago will never change no matter what." (D.I. 8 at 2)

In its Memorandum Opinion denying Petitioner's Petition, the Court summarized Petitioner's arguments as follows:

4

> Petitioner asserts that he has appeared before the Board of Parole "on several occasions" since 2013, and his parole applications have been denied with stipulations that he must complete specific programs, with the most recent being a "sex offender program" in 2018 lasting two years. Petitioner contends that the Board violated his rights to due process and equal protection by arbitrarily denying his applications, because the denials were based on "issues which will never change."

(D.I. 3 at 6)   Petitioner's Rule 59(e) Motion essentially re-asserts the same arguments already considered and denied by the Court. Therefore, Petitioner fails to present a clear error of law or fact or demonstrate a manifest injustice of the sort that would compel reconsideration of the Court's denial of his § 2254 Petition. Accordingly, the Court will deny Petitioner's Rule 59(e) Motion.

## IV.   CERTIFICATE OF APPEALABILITY

A district court issuing a final order denying a § 2254 petition must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011); 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court

was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

When the Court issued its initial Memorandum and Opinion denying Petitioner's § 2254 Petition, it failed to explicitly address whether to issue a certificate of appealability. The Court now corrects that oversight and explicitly concludes that reasonable jurists would not find its initial decision that the Petition is both an unauthorized second/successive petition and time-barred to be debatable. It also concludes that reasonable jurists would not debate its instant decision to deny Petitioner's Rule 59(e) Motion. Accordingly, the Court will not issue a certificate of appealability for either decision.

## V.   CONCLUSION

For the aforementioned reasons, the Court will deny the instant Rule 59(e) Motion. (D.I. 8) The Court also declines to issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Dated: April 10, 2023

_____
UNITED STATES DISTRICT JUDGE